OPINION
This appeal arises from a decision, by the Licking County Court of Common Pleas, that Appellant/Cross-Appellee Michael Trott is a "sexual predator" as defined in R.C. 2950.01(E). The trial court also determined the community notification provisions of Chapter 2950 et seq. violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution. Appellee/Cross-Appellant State of Ohio filed a cross-appeal concerning the retroactivity issue. The record indicates Appellant Michael Scammicca was convicted of attempted rape in 1992. After the enactment of Ohio's version of Megan's Law, in R.C. Chapter 2950, the warden of the Ohio penal institution where appellant is incarcerated recommended that appellant be classified a "sexual predator". Prior to the hearing in this matter, appellant filed a motion challenging the constitutionality of Chapter 2950. The trial court conducted the hearing on December 17, 1997. On December 23, 1997, the trial court made a factual finding that appellant met the definition of "sexual predator" as defined in R.C. 2950.01(E). On this same date, the trial court also concluded the notification provisions of Chapter 2950 violate the Retroactivity Clause of the Ohio Constitution. Therefore, the trial court refused to order the Department of Rehabilitation and Corrections to have their files reflect such a finding. Appellant filed a notice of appeal on January 2, 1998. The state filed a cross-appeal on January 6, 1998. We subsequently stayed this matter, during the pendency of the appeal of State v. Cook (1998), 83 Ohio St.3d 404, to the Ohio Supreme Court. Following the Ohio Supreme Court's decision, in Cook, Appellee State of Ohio filed a brief. Appellant Michael Scammicca did not file a brief. Appellee State of Ohio sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED IN RULING THAT REVISED CODE SECTION 2950.09 WAS UNCONSTITUTIONAL AS BEING A RETROACTIVE LAW IN VIOLATION OF THE OHIO CONSTITUTION.
 I
Appellee State of Ohio contends, in its sole assignment of error, the retroactive provisions of R.C. Chapter 2950 do not violate Section 28, Article II of the Ohio Constitution. We agree. In the recent case of State v. Cook, supra, the Ohio Supreme Court addressed this issue. The Court stated " * * * the notification provisions of R.C. Chapter 2950 do not violate the prohibition in Section 28, Article II against retroactive laws." Id. at 414. Based on the above language, we sustain Appellee State of Ohio's sole assignment of error on cross-appeal. Appellee State of Ohio's assignment of error, on cross-appeal, is sustained. Appellant Michael Scammicca's appeal is dismissed.
For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
By:
Wise, P. J. Hoffman, J., and Edwards, J., concur.